Shamash v David Bocchi Inc. (2023 NY Slip Op 03213)

Shamash v David Bocchi Inc.

2023 NY Slip Op 03213

Decided on June 13, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 13, 2023

Before: Oing, J.P., Singh, Moulton, Scarpulla, Shulman, JJ. 

Index No. 157028/21 Appeal No. 451 Case No. 2022-05612 

[*1]Sonia Shamash, Plaintiff-Appellant,
v
David Bocchi Inc., et al., Defendants-Respondents.

Stagg Wabnik Law Group LLP, Garden City (Debra L. Wabnik of counsel), for appellant.
Sullivan & Worcester, LLP, New York (Gerry Silver of counsel), for respondents.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about August 18, 2022, which granted defendants David Bocchi Inc., David Bocchi, Cheyenne McMillion, and Matthew Kern's motion for spoliation sanctions to the extent of entitling defendants to an adverse inference instruction at the time of trial and denied plaintiff's cross-motion for sanctions, unanimously affirmed, without costs.
The motion court providently exercised its discretion in granting an adverse inference instruction for plaintiff's failure to preserve text messages between her and a former coworker. Plaintiff acted negligently in failing to preserve those messages when she purportedly broke her phone and the lost messages were relevant to contested issues
in this action (VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 41-43 [1st Dept 2012]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 13, 2023